BOSTON AND MAINE RAILROAD COMPANY

*vs.*

COUNTY COMMISSIONERS.

York. Opinion March 15, 1886.

*Ways. Damages in locating. Appeals. R. S., c. 18, §§ 5, 8, 47, 48, 49.*

The requirement of R. S., c. 18, § 5, that "if no notice of appeal is presented or pending" at the term of the county commissioners held next after the filing of their return, "the proceedings shall be closed," etc., are modified by § 48, to the extent that when a party has appealed from the decision on

location after it has been placed on file and before the next term of the Supreme Judicial Court, "all further proceedings before the commissioners shall be stayed until the decision is made by the appellate court."

The requirements of R. S., c. 18, § 5, relating to the time within which an appeal is to be taken by any person aggrieved at the estimate of damages by the county commissioners, are applicable only when no appeal on location has been taken.

When an appeal is taken from the decision of the county commissioners to lay out a way and prosecuted as provided in R. S., c. 18, §§ 48, 49, the appellant on damages may file notice of appeal within sixty days after final decision in favor of such way.

The phrase "within the time above limited" in R. S., c. 18, § 8, refers, when an appeal on location has been taken, to the time limited in § 47 of that chapter.

ON EXCEPTIONS.

Appeal from the award of damages made by the county commissioners in locating a way. On motion the presiding justice dismissed the appeal as not seasonably taken, and to this ruling the appellant alleged exceptions. The facts are stated in the opinion.

*G. C. Yeaton*, for the plaintiff, cited: Dwarris, Statutes, (2d ed.) 530, 531, 532; Wilberforce, Statutes, 318, 330, 331 and cases cited; Broom, Legal Maxims, 123; Bishop, Written Laws, 154 and cases cited; *Pratt* v. *R. R. Co.* 42 Maine, 579; *Martin* v. *Ins. Co.* 53 Maine, 419; Maxwell, Interp. Stats. 66, 157, 158; Sedgw. Stat. and Cons. Law, 123 *et seq*; Hardcastle, Cons. and Eq. Stat. Law, 174 and cases cited; *State* v. *Cleland*, 68 Maine, 258; *Tracy* v. *Goodwin*, 5 Allen, 409; *Carver* v. *Smith*, 90 Ind. 222; *State* v. *Sturgis*, 10 Or. 58; *Battersby* v. *Kirk*, 2 Bing. (N. C.) 609; *Sandiman* v. *Breach*, 7 B. & C. 99; *Swift* v. *Jewsbury*, L. R. 9 Q. B. 312.

*R. P. Tapley*, for the defendants.

By stat. 1883, c. 175, incorporated in R. S., c. 18, § 8, an entire and radical change was made in the law relating to these proceedings. Now a party desiring a revision, on damages, must give notice of appeal from the decision of the county commissioners "before the third day of the regular term succeeding that at which the commissioners' return was made."

This notice must be filed with the commissioners. Then a complaint must be made to the Supreme Judicial Court at the first term that is held more than thirty days after the time limited for filing the notice of appeal.

. These provisions are specific and must be complied with to give the party a right to a review by the court. It is purely a statutory remedy, and without a compliance with its provisions the estimation of the commissioners must stand. The Supreme Judicial Court has no original jurisdiction over the subject matter.

R. S., c. 18, § 47, in its arrangement in the statute is placed with those provisions relating to ways in "places not incorporated," § 41. Appeals may be taken from such locations, § 44. This section provides for proceedings by petition and not by complaint. It is by petition to be filed within sixty days. Looking at its origin it will be found to have been passed in 1880, c. 218. At the time of its passage all proceedings of this character must be commenced by petition to the county commissioners. It was, it will be perceived, passed three years before the provisions giving the Supreme Judicial Court jurisdiction. It therefore becomes entirely clear that it related to proceedings before county commissioners and to none other. Three years after its passage all authority over the matter theretofore possessed by the county commissioners, was withdrawn from them. Stat. 1883, c. 175. That statute omitted in the enumeration of sections repealed in consequence of the change in the act of 1880. Being unrepealed specifically and not applicable to the class of cases now before the court, the revision commissioner has placed it under the provisions applicable to "places not incorporated," as those provisions were not affected by the act of 1883.

It is said that when there is an appeal on location the way may not be located, and in that event the hearing on damages provided in § 5, would be useless. That is a possibility. So the damages may be so much increased the commissioners will not locate, § 6. In that event the hearing upon the appeal from the location becomes useless.

VIRGIN, J.   When county commissioners, on due preliminary proceedings and hearing, decide to lay out a highway, they are required to make a correct written return of their doings, including the amount of damages allowed to each person.   R. S., c. 18, § 4.

At their next regular session after the hearing, their return must be filed with their clerk and remain there unrecorded for inspection, and the case continued to their next regular session, § 5.

In the meantime, after their return is filed, and on or before their next regular session, two appeals from their decisions are open to the various parties ; one from that on location, and the other from that on damages, as follows :   (1)  Any party who appeared at the hearing may appeal from their decision on location, § 48 ; and (2) any person aggrieved by their estimate of damages may appeal therefrom, § 8, both to the Supreme Judicial Court held in the county where the land lies, § § 8, 48.

1.   An appeal on location must be taken after the return is placed on file, and before the next term of the Supreme Judicial Court, when it may be entered and prosecuted, § 48 ; and if not then entered and prosecuted, "the judgment of the commissioners may be affirmed," § 49.   If then entered and prosecuted, "all further proceedings before the commissioners shall be stayed until a decision is made in the appellate court," § 48.

2.   Any person aggrieved by the commissioners' estimate of damages who would appeal therefrom, must " file notice of appeal with the commissioners " at any time after their return is placed on file and before, at the latest, the third day of their next regular term, § § 5, 8.   And the appeal must be to the next term of the Supreme Judicial Court first held more than thirty days (excluding the first day thereof) after the third day of the commissioners' term above mentioned, § 8 ; at which term of the court the " appellant shall file a complaint setting forth substantially the facts," § 8.   "If no such notice is presented or pending" at the term of the commissioners above mentioned, " the proceedings shall be closed and recorded ; and all claims for damages not allowed by the commissioners shall be forever barred," § 5.

Such were the peremptory requirements regulating the taking and prosecuting an appeal on damages in all cases prior to 1880.

In 1880, the legislature enacted a statute therein providing: "When an appeal is taken on the location of a way, petitions for increase of damages may be filed within sixty days after final decision in favor of such way." Stat. 1880, c. 218, subsequently incorporated in the new revision as R. S., c. 18, § 47. When this statute was enacted in 1880, appeals on damages were taken by "presenting a petition for increase." R. S., (1871) c. 18, § § 5, 6. But by Stat. 1883, c. 175, § § 1 and 2, "filing notice of appeal," was substituted for "presenting a petition for increase" in § § 5 and 6, but the corresponding change was not made in the Stat. 1880, c. 218, hence the slight want of harmony in the mode of instituting an appeal for damages in the two classes of cases.

But a more serious incongruity appears between the provisions of R. S., c. 18, § § 5 and 8, and those of § 47. The former prescribe the only general mode for taking and prosecuting an appeal on damages. As already seen, an appeal under these general provisons must be taken to the first term of the Supreme Judicial Court first held more than thirty days after the third day of the commissioners' session held next after their return is filed ; while under the latter, the appellant not being required to file his petition for increase, or its equivalent (notice of appeal) before "sixty days after the final decision in favor of the way," (which decision need not be made until the second term of the court next after the appeal on location was entered, R. S., c. 18, § 49,) it will be impossible for him to "file his complaint," &c., at the term specified in § 8, for that term will have long since passed. Hence a strict construction encounters grave difficulties as to matters of time.

While these somewhat incongruous provisions were enacted at different dates — one in 1880 and the others in 1883 — they were both re-enacted on the same day in the new revision of 1883 ; and as they pertained to the same subject, though applicable to different circumstances, they were incorporated into the same chapter. And considering all these provisions together, the

intention seems quite obvious, viz. : to change the time when the initiatory steps of appeal from damages shall be taken in case appeal on location is also taken. So that when no appeal on location is taken and hence the fact of the construction of the way has been made certain (unless it shall be prevented by reason of excessive damages, § 6) then that the question of damages, being the only one, shall be determined without delay. But when such an appeal has been taken, then the legislature seems to have deemed it the better policy to relieve a person, whose land is sought to be taken by eminent domain, from what may prove to be useless and expensive action in relation to damages. .

In accordance with well established rules of construction, these sections must all stand if possible, unless they are so inconsistent and repugnant that a construction can not be given which shall reconcile them.

Now viewing § § 5 and 8 as general provisions, applicable to all cases except so far as they may be modified by· § § 47, 48 and 49 ; and § 47 as special in its terms, and as modifying § § 5 and 8 only in respect of the time when an appeal on damages shall be entered and prosecuted in case an appeal on location has been taken, and particularizing the provisions with this object in view, it appears :

1.  The requirement of § 5, that " if no notice of appeal is presented or pending " at the term of the commissioners held next after the filing of their return, " the proceedings shall be closed," etc., are modified by § 48, that when a party has appealed from the decision on location after it has been placed on file and before the next term of the Supreme Judicial Court, " all further proceedings before the commissioners shall be stayed until a decision is made in the appellate court;" and

2.  The requirements of § 8, that the· appeal on damages be taken " at any time before the third day of the regular term succeeding that at which the commissioners' return is made, to the term of the Supreme Judicial Court, first held more than thirty days (excluding the first day of the session)" thereafter,

at which term of the court "the complainant shall file a complaint," etc., are applicable only when no appeal on location has been taken; but when such an appeal has been entered and prosecuted under §§ 48 and 49, then the above provisions of § 8 are modified by § 47. So that, in such case, instead of taking any action whatever in relation to damages at the time prescribed and limited in §§ 5 and 8, the appellant on damages may file "notice of appeal" or its equivalent ("petition for increase") "within sixty days after final decision in favor of the way," and his "complaint," at the term of the Supreme Judicial Court, "first held more than thirty days (excluding its first day)" after *that*. Hence that the phrase "within the time limited" in § 8, will refer, in case an appeal on location has been taken to the "time limited" in § 47.

Such a construction gives full force to all the provisions relating to the times for taking and prosecuting appeals from the decisions of the commissioners, both as to location and damages, and carry out what seems to have been the intention of the legislature as indicated by these disjointed provisions. To be sure § 47 can not be in terms incorporated into § 8 without considerable verbal change — which the legislature will probably do if it adheres to the policy as indicated.

Looking at the facts, we learn that the regular sessions of the commissioners in York county are held on the second Tuesdays of April and October. R. S., c. 78, § 6. They made their return on location and damages at their October term, 1883. December 9, 1883, this appellant appealed from their decision on location and also filed "notice of appeal" from their award on damages. The location was sustained and certified by the clerk to them at their October term, 1884. R. S., c. 18, § 49. October 21, 1884, the appellant filed in the clerk's office of the Supreme Judicial Court, its complaint addressed to the January term thereof, which was the first term of that court "held more than thirty days (excluding its first day) after the final decision in favor of the way." Applying the construction given to the

statutory provisions before mentioned, the appellants seasonably complied therewith.

*Exceptions sustained.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.